**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

WILMA J. CLARK                                                                    PLAINTIFF

v.                                        No. 1:15CV00092 JLH

ARKANSAS STEEL ASSOCIATES, LLC                                    DEFENDANT

## OPINION AND ORDER

Wilma J. Clark brings this action against her former employer, Arkansas Steel Associates, LLC, alleging sex and race[1] discrimination in violation of Title VII of the Civil Rights Act of 1964 and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). Document #1. When Clark commenced this action on August 25, 2015, it was randomly assigned to the undersigned's docket and given the case number 1:15CV00092. Mollie L. Wright, also a former employee of Arkansas Steel, commenced an action against Arkansas Steel on August 12, 2016, alleging sex discrimination in violation of Title VII and age discrimination in violation of the ADEA. The action was randomly assigned to the Honorable Kristine G. Baker's docket and given the case number 1:16CV00106. Clark has filed a motion to consolidate these actions pursuant to Federal Rule of Civil Procedure 42(a). Document #33. Arkansas Steel opposes consolidation. For the following reasons, the motion for consolidation is denied.

Clark and Wright maintain that the Court should exercise its discretion to consolidate cases 1:15CV00092 and 1:16CV00106. Federal Rule of Civil Procedure 42(a) governs the consolidation of cases and provides:

If actions before the court involve a common question of law or fact, the court may:

---

[1] On November 8, 2016, the Court granted Clark permission to amend her complaint to allege a claim for race discrimination. Document #28.

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid necessary cost or delay.

The district court has broad discretion to determine whether two actions should be consolidated. *Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). The purpose of consolidation is to promote convenience and judicial economy, rather than to create a single action or change the rights of the parties. *United States v. Altman*, 750 F.2d 684, 695 (8th Cir. 1984). The threshold question—which Rule 42 directs the court to ask in order to determine whether consolidation can achieve this purpose—is whether the actions involve a common question of law or fact. If so, the courts "weigh the saving of time and effort that consolidation under Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause for the litigants and the trial judge." 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2383 (3d ed. 2016) (citing *Arnold v. Eastern Airlines*, 681 F.2d 186, 192 (4th Cir. 1982) (listing factors courts should weigh).

Clark and Wright argue that consolidation would facilitate judicial economy because they allege that a common defendant engaged in a pattern and practice of discrimination and because they have each retained the same counsel. Document #31 at 1. While some common factual threads run through the actions—Clark and Wright were both female employees of Arkansas Steel who allege they were discriminated against during the years 2014 and 2015—the differences between the actions are significant and mitigate any saving of time and effort that consolidation would produce. First, it is true that there are some facts common to both actions. The most obvious are that Arkansas Steel employed Clark and Wright, who are both women. Both women were passed over

for promotions.  Younger men were promoted instead.  And the complaints allege that the women interacted with the same individual in charge of human resources—Brian Robinson.  But the factual similarities end there.  Clark worked in the H.R. department under Robinson.  Wright worked in the shipping department and interacted with Robinson concerning complaints she had after the company president, Ted Unami, hired a younger, less qualified male to fill a position for which Wright had applied.

Clark and Wright's narratives do not overlap.  While Clark insists in support of her motion to consolidate that Arkansas Steel engaged in a "pattern and practice" of unlawful discrimination, that is not the gist of either complaint.  Rather, the complaints describe two separate, discrete series of incidents that occurred at the same place and involved some of the same people.  *But see E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) (upholding the district court's decision to consolidate two Title VII actions where the plaintiffs based their claims on the same series of incidents).  Those overlapping people—Robinson and Unami—have already been deposed in the Clark action, but they presumably have not been asked about anything relevant to Wright's action.  Because they have already been deposed, any saving of time and effort that consolidation would produce during discovery has been forfeited.

Second, Clark has alleged race discrimination, while Wright has not.  The bulk of Clark's complaint alleges facts pertaining to this theory.  Clark alleges that she was required to cover the reception desk during her lunch hour and fill in when the receptionist was absent because she was the only black person in the human resources and accounting departments.  Evidence in support of these allegations is irrelevant to Wright's action, but crucial to Clark's action.  *Bernardi v. City of Scranton*, 101 F.R.D. 411, 413 (M.D. Penn. 1983).  Further, the facts alleged in support of the sex

and age discrimination claims—the claims Wright alleges—also support the race discrimination claim.  Document #1 at 4, §§ 20-23.  Untangling the race discrimination allegations and evidence from the sex and age discrimination allegations and evidence, especially before a jury, will take more time and effort than keeping them separate.

Finally, Clark's action has proceeded further in the discovery process than Wright's action. "Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial." *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (8th Cir. 1989).  Clark filed suit approximately one year before Wright.  Clark's case is scheduled to go to trial the week of May 8, 2017, while Wright's case is not scheduled to go to trial until the week of October 16, 2017. The discovery deadline in Clark's case is February 23, 2017, while the deadline in Wright's case is not until August 2, 2017.  While these discrepancies do not automatically preclude consolidation, they show that consolidation likely would produce delay.  According to Arkansas Steel, discovery has not begun in Wright's action, but the parties have conducted a significant amount of discovery in Clark's action. The parties have taken the depositions of Unami, Vice President of Operations Les Philips, Safety Supervisor Bryce Shelton, and Robinson.  The parties are in the process of scheduling Clark's deposition.  Consolidating these actions likely would delay the resolution of Clark's claims.

## CONCLUSION

For the foregoing reasons, Clark's motion to consolidate is DENIED.  Document #33.

IT IS SO ORDERED this 5th day of January, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

4